UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
UNITED STATES OF AMERICA,                    :
                                             :
                -v-                          :      14 Cr. 272 (JSR)
                                             :
ANTHONY ALLEN,                               :      MEMORANDUM ORDER
PAUL THOMPSON,                               :
TETSUYA MOTOMURA, and                        :
ANTHONY CONTI,                               :
                                             :
                Defendants.                  :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.

     The two remaining defendants in this case, Anthony Allen and

Anthony Conti, are charged with numerous counts of wire fraud, in

violation of 18 U.S.C. § 1343, as well as conspiracy to commit wire

fraud and bank fraud. To prove wire fraud, the Government must show,

among other things, (1) that the defendants engaged in a scheme or

artifice to defraud or made false or fraudulent pretenses,

representations, or promises, and (2) that any such false or

fraudulent statements were material, in that a reasonable person to

whom they were directed would be influenced by them, *Neder v. U.S.*,

527 U.S. 1 (1999).

     Defendants claim that the testimony of John Ewan, a citizen

of the United Kingdom, would bear on whether the Government can prove

its case. Between 2005 and 2012, Mr. Ewan served in various roles as

a manager of the London Inter-bank Offered Rate ("LIBOR"), a key

benchmark of interest rates. Mr. Ewan also served as Secretary to the

Foreign Exchange and Money Markets Committee (the "Committee") at the

British Banker's Association ("BBA"). The Committee had full
authority over LIBOR, which was published every day by Thomson
Reuters, acting as BBA's agent.

To calculate LIBOR on a given day, Thomson Reuters asked
participating banks to estimate "the rate at which [the bank] could
borrow funds, were it to do so by asking for and then accepting
inter-bank offers in reasonable market size, just prior to 11:00
London time." Def.'s Reply Ex. 3, at 1. Thomson Reuters then averaged
the banks' submitted estimates to arrive at a LIBOR figure.
Submissions were made by employees of the participating banks. At
participating bank Coöperatieve Central Raiffeisen-Boerenleenbank
B.A. ("Rabobank"), submissions were sometimes made by defendant Conti
and other employees under the supervision of defendant Allen.

The Government alleges that defendants Conti and Allen, in
concert with others, manipulated the LIBOR rate to their advantage,
chiefly by submitting artifical estimates that advanced their own
financial interests instead of honestly answering the BBA's query.
Because so many financial products refer to LIBOR, if someone can
manipulate LIBOR, she can indirectly manipulate the price of a wide
range of financial instruments. Variations in LIBOR can also induce
market participants to buy or sell different products.

Defendants do not claim that Mr. Ewan would testify about the
specific estimates they submitted. However, based on testimony Mr.

2

Ewan recently gave in a criminal LIBOR case prosecuted in the U.K., they claim that he would testify about how difficult it was for banks to answer the BBA's query during periods of financial turmoil and how he reported on these difficulties to the Committee.

However, Mr. Ewan, who is a resident and citizen of the United Kingdom, has informed counsel that he is unwilling to make himself available to testify at trial. Defendants, therefore, in order to obtain his testimony for use at trial, ask this Court to order that Mr. Ewan be deposed under Rule 15 of the Federal Rules of Criminal Procedure, and that that order be effectuated by issuing a letter rogatory requesting that the judicial authority of England compel Mr. Ewan to submit to a deposition in the U.K. Although, with the trial of this case firmly scheduled to commence on October 5, 2015, a fair argument might be made that the application is untimely, the Court will consider the motion on its merits.

Rule 15 depositions may only be granted in "exceptional circumstances." F. R. Crim. Pro. 15(a)(1). A party moving for a Rule 15 deposition must demonstrate "(1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001). Here, the Government and defendants agree that Mr. Ewan is unavailable, but disagree as to the other prongs of the test. The Court does not reach

the third prong, however, because it finds that the defendants have
not shown that Mr. Ewan's testimony would be material.

Defendants claim Mr. Ewan's testimony would show that they
are not guilty in two ways, corresponding to the two elements of wire
fraud highlighted above. First, they claim it would show that they
did not make false or fraudulent pretenses, representations, or
promises. 18 U.S.C. § 1343. Second, they claim it would show that no
reasonable person would have relied on their statements. The Court
disagrees.

As to the falsity element, Mr. Ewan's testimony, as described
by defendants, would not bear on the falsity of the LIBOR estimates
submitted by defendants. As noted, Mr. Ewan would not testify about
the specifics of their submissions. Instead, he would, according to
defendants, testify that he spoke with submitting employees at
various banks about how difficult and uncertain estimating LIBOR
could become during periods of financial turmoil. He would also
testify that he reported these conversations and his own conclusions
on the matter to the Committee. One of his conclusions was that it
was acceptable if LIBOR estimates were uncertain at times. According
to defendants, Mr. Ewan might even testify that he thought the
estimates were sometimes so uncertain as to be meaningless or that
there was a range of equally accurate estimates that a bank might
reasonably submit on any given day.

4

Most, if not all, such testimony would be inadmissible as hearsay and/or opinion evidence. Even if these difficulties could be overcome, nonetheless, as defendants conceded at oral argument, *see* Transcript 08/14/15, Mr. Ewan would not testify that he expected submitting employees to "bump" their estimates up or down based on their personal financial interests. Nor would he testify that, when speaking with submitting employees, he approved of personal financial interests influencing submissions, let alone that he reported such practices to the Committee and thought they were acceptable. Accordingly, Mr. Ewan's testimony would do nothing to rebut the Government's showing, which it must make in order to prove its case, that defendants' LIBOR submissions were the product of artificial manipulation. At most, such testimony could only go to suggest that the defendants estimates' may not have been suspicious on their face, which is neither here nor there.

As to materiality, Mr. Ewan's testimony would not bear on the materiality of the LIBOR estimates submitted by defendants. "[A] misrepresentation is material if it is capable of influencing the decisionmaker, no matter what the victim decides to do." *U.S. v. Corsey*, 723 F.3d 366, 373 n.3 (2d Cir. 2013).[1] The test is an objective one: would a reasonable participant in the LIBOR-related marketplace be influenced in his decision by knowing that the LIBOR

---

[1] Actual reliance, in contrast with materiality, is not an element of criminal wire fraud, *see Neder v. U.S.*, 527 U.S. 1, 24-25 (1999).

5

rate was artificially manipulated for the benefit of certain persons'
personal financial interests?

No part of Mr. Ewan's testimony would remotely bear on this.
According to defendants, Mr. Ewan would testify that he spoke with
market participants and communicated to them that LIBOR estimates
were growing increasingly uncertain. This might have made them more
cautious, but it is totally different from informing them that the
rate is rigged, which might well cause a reasonable participant to
avoid the use of LIBOR altogether. Accordingly, Mr. Ewan's testimony
would not bear on the theory of materiality advanced in this case.

For the foregoing reasons, defendants' motion for a Rule 15
deposition of John Ewan and for the Issuance of a Letter Rogatory for
International Judicial Assistance is hereby denied.

SO ORDERED.

Dated: New York, NY
       August 17, 2015                  JED S. RAKOFF, U.S.D.J.